E-FILED
Tuesday, 15 June, 2010  02:29:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JIMMIE M. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10-3087 |
| | ) | |
| ALFRED WOMAK and | ) | |
| COUNTY OF SANGAMON, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Alfred Womak's Partial Motion to Dismiss (d/e 5) (Motion).  Womak moves to dismiss the negligence claims in Count II of the Complaint (d/e 1).  As set forth below, Plaintiff Jimmie M. Miller alleges a state-law claim for battery in Count II.  Count II does not contain allegations of negligence.  The Motion is therefore denied.

STATEMENT OF FACTS

For purposes of this Motion, the Court must accept as true all well-pleaded  factual  allegations  contained  in  the  Complaint  and  draw  all

1

inferences in the light most favorable to Plaintiff Jimmie M. Miller. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claim showing that Miller is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). In doing so, the allegations must plausibly suggest that Miller is entitled to relief. Twombly, 550 U.S. at 569 n.14. Allegations of bare legal conclusions or labels alone are not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

On July 18, 2009, Miller drove past the residence of a Mrs. Polston located at 3313 S. MacArthur Blvd., Springfield, Illinois. As he drove past, Mrs. Polston screamed and hollered at him. He did not respond, but kept driving. Later that day, a Sangamon County, Illinois, Deputy Sheriff came to Miller's residence and informed him that Mrs. Polston claimed that Miller had threatened her with a knife in her driveway. Miller denied the charge. The Deputy Sheriff stated that he would need to wait until Defendant Deputy Sheriff Alfred Womak arrived because Womak took the

complaint originally.

Womak arrived shortly thereafter. Womak stated to Miller that Miller had trespassed on Mrs. Polston's property and threatened her with a knife. Miller denied the charge. Womak said he was going to pursue a trespassing and assault charge against Miller and would take him into custody. Miller cooperated with Womak and did not resist Womak. Womak, however, grabbed Miller and threw him to the ground. Miller suffered injuries as a result of Womak's actions.

## ANALYSIS

Womak moves to dismiss the Count II battery claim for failure to state a claim to the extent that Count II alleges a claim for negligence. Such a negligence claim is barred by the Illinois Tort Immunity Act. 745 ILCS 10/2-202.

Miller argues that Womak waived his right to move to dismiss for failure to state a claim because Miller filed an answer, but did not assert the failure to state a claim as an affirmative defense. Plaintiff's Response to the Defendant Alfred Womak's Partial Motion to Dismiss (d/e 9) (Response), at 1-2; see Answer to Plaintiff's Complaint (d/e 7). Miller relies on Rule 12(h) to support his argument. Fed. R. Civ. P. 12(h). Miller is mistaken.

3

Rule 12(h) states that defenses listed in Rule 12(b)(2)-(5) can be waived. <u>Fed. R. Civ. P.</u> 12(h)(1).  The defense of a failure to state a claim is listed in Rule 12(b)(6), and so, is not among these defenses.  Rule 12(h)(2), further, states, in part:

> (2)   *When to Raise Others*.  Failure to state a claim . . . may be raised:
>   (A)   in any pleading allowed or ordered under Rule 7(a);
>   (B)   by a motion under Rule 12(c); or
>   (C)   at trial.

Fed. R. Civ. P. 12(h)(2) (emphasis in the original).  Womak may raise the issue now by motion or other pleading allowed under Rule 7(a), and as late as at trial.  At this juncture, therefore, the defense has not been waived.

Miller also argues that Count II alleges a claim for the intentional tort of battery.  <u>Response</u>, at 2.  The Court agrees.  Count II does not allege any duty or breach of duty required for a negligence claim.  Rather, Count II alleges that Womak grabbed Miller and threw him to the ground.  The allegations state a claim for battery.  See <u>Cohen v. Smith</u>, 269 Ill.App.3d 1087, 1090, 648 N.E.2d 329, 332 (Ill.App. 5th Dist. 1995).  Since Count II states a claim for battery, the request to dismiss Count II is denied.

THEREFORE, Defendant Alfred Womak's Partial Motion to Dismiss (d/e 5) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: June 15, 2010

    FOR THE COURT:

                                           s/ Jeanne E. Scott
                                           JEANNE E. SCOTT
                                           UNITED STATES DISTRICT JUDGE